UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                                                          CRIMINAL ACTION

LARRY DINELL DAVIS                                                  NO. 99-18-A

# RULING ON MOTION TO VACATE SENTENCE

This matter is before the court on a *pro se* "motion to waive fine" by defendant, Larry Dinell Davis (doc. 33) which was docketed as and will be treated as a motion to vacate sentence under 28 U.S.C. § 2255. The government opposes the motion (doc. 37).

On March 24, 1999, defendant pled guilty to possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. § 5861(d) (doc. 22) and judgment was entered on July 20, 1999, imposing upon him an 80-month term of imprisonment, a $2,500 fine, the $100 mandatory special assessment, and a term of supervised release of three years (doc. 30). Defendant now seeks to have the court "waive or suspend" the $2,500 fine due to his indigence and because the fine "constitutes and [sic] undue burden" (doc. 33, p. 1).

This is defendant's second such request, the first having been deemed made pursuant to Fed.R.Crim.P. 35 and denied for the court's lack of authority to reduce

1

modify his sentence[1] (doc. 32).  The court reiterates those reasons and adds that in his guilty plea, defendant reserved *only* the right to appeal any punishment imposed in excess of the statutory maximum and any punishment to the extent it constitutes an upward departure from the Guideline range deemed most applicable by the sentencing court (doc. 22, ¶ 8).  Neither indigence nor an unduly burdensome fine qualify.

Accordingly, the "motion to waive fine" by defendant, Larry Dinell Davis (doc. 33), treated as a motion to vacate sentence, is hereby **DENIED**.

Baton Rouge, Louisiana, January 8, 2008.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[1] A district court may reduce or modify a sentence in only four circumstances, none of which exist in this case:  (1) on remand, if, on appeal, the sentence was held to be imposed in violation of the law, 18 U.S.C. § 3742; (2) upon a Government motion made within one year of sentencing, if the defendant provided substantial assistance and a reduction accords with the sentencing guidelines, Fed.R.Crim.P. 35(b)(1); (3) upon a Government motion more than one year after sentencing, if the defendant provided information to the Government not known within one year, which was not useful within one year, or whose usefulness was not reasonably anticipated within one year, Fed.R.Crim.P. 35(b)(2); and (4) within seven days of sentence imposition to correct an arithmetical, technical, or other clear error, Fed.R.Crim.P. 35(a).  *McClure v. Ashcroft*, 335 F.3d 404, 413 (5th Cir. 2003).